IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                           Criminal Action No.3:07CR58

JOHN E. HARGROVE,
    Defendant.

## REPORT AND RECOMMENDATION

On June 10, 2008, came the United States of America by David Perri, Assistant United States Attorney, and the Defendant, JOHN E. HARGROVE, in person and by his counsel, Robert Barrat, for a hearing on Defendant's Motion to Suppress [74]. The parties presented evidence and the court gave the parties several additional weeks from the hearing to submit briefs. This report and recommendation is based on evidence presented at that hearing and the briefs filed thereafter.

## I. Background

Defendant, JOHN E. HARGROVE, is the sole defendant in a four count indictment. He is charged with transportation of child pornography, in violation of Title 18, United States Code, 2252A(a)(1), (b)(1) and other related offenses.

## II. Defendant's Motion to Suppress [74]

**Contentions of the Parties**

The Defendant contends that a search warrant was served on Defendant on the 5th of January 2007 at his home in 343 Park Street, Bristol, Connecticut. The search warrant was from the FBI and signed by a U.S. Magistrate in Hartford, Connecticut. Eleven agents were involved in the search on that day. Defendant further contends that he was interviewed from 6:15am to 9:30am that morning in his kitchen. Defendant contends that this was a custodial interrogation and that his statements given at that time should be suppressed. The Defendant further contends

that the return date on the search warrant was originally December 29th but was scratched out making the search warrant invalid and therefore asks that the evidence seized on that date be suppressed. Lastly, the Defendant contends that a computer was taken from Defendant's home on July 23, 2007, when he was arrested and that any information from that computer should be suppressed.

The Government contends that a search warrant was properly issued for the search of Defendant's home in Bristol, Connecticut. The search was conducted on January 5, 2007. Defendant was home at the time and consented to an interview. The Defendant was not in custody at the time of the interview. In fact, the Defendant was not arrested until July 23, 2007, more than six months later. The search warrant was issued on December 29, 2006 with a return within ten (10) days. There was a scratched out place on the return date with the Magistrates initials where the Magistrate corrected the return date from December 29th (the same date the warrant was issued) to a return date within ten (10) days of issuance. The Government contends that the search warrant was proper and the interview conducted on January 5, 2007 was consensual and not custodial. The Government further contends that on July 23, 2007, the Defendant was arrested and voluntarily gave the agents his HP Pavilion computer. The Government further contends that no information was obtained off that computer. The computer was never even turned on while in possession of the government and it was returned to the Defendant on September 9, 2007.

**Findings of Fact**

1. On June 10, 2008, Agent Michael Chance and Agent Kathy Shumaker and Defendant Hargrove testified regarding the search and the interview that occurred on January 5, 2007 and

regarding the arrest of the Defendant that occurred on July 23, 2007.

2. The Court finds based on that testimony that the search warrant issued on December 29, 2006, was proper in form and execution.

3. The Court further finds that the interview of the Defendant on January 5, 2007, was consensual and was not custodial in nature. The agents followed standard procedure. The defendant was told that he was not under arrest and that he was free to go at anytime during the interview. The testimony further revealed that defendant was extremely relaxed and cooperative during the interview and seemed to enjoy talking with the agents. The interview took place in the Defendants kitchen in a comfortable atmosphere. The testimony from the hearing indicates that the defendant's statements were voluntarily given. There was no physical or psychological coercion or improper inducement.

4. The Court further finds that the computer that was given to the agents voluntarily on July 23, 2007, was never examined. The computer was a rental computer. Defendant gave the FBI permission to take the computer when he was arrested. However, the FBI never turned on the computer while it was in their possession and no evidence was obtained from that computer.

**Conclusions of Law**

The defendant's claims are not supported by the evidence. The evidence showed that the defendant provided voluntary statements to the agents and that he was not in custody at the time of the interview. In order for a defendant to invoke the *Miranda* protections, both a custodial situation and custodial interrogations are required. *Alexander v. State of Connecticut*, 917 F.2d 747, 750-1 (2nd Cir. 1990). In determining whether a defendant was in custody for Miranda purposes, "the ultimate inquiry is simply whether there [was] a formal arrest or restraint on

freedom of movement of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983). The test is an objective one, not a subjective one, so a defendant's after-the-fact characterizations of how he felt at the time are largely irrelevant. *United States v. Kirsteins*, 906 F.2d 919, 923 (2nd Cir. 1990). "Moreover, absent an arrest, interrogation in the familiar surrounding of one's own home is generally not deemed custodial."

**Decision**

Based on the above findings of fact and conclusions of law, it is hereby **RECOMMENDED** that Defendant John E. Hargrove's Motion to Suppress Evidence [74] be **DENIED.** The Defendant's objections to the ruling are duly noted.

**IT IS FURTHER ORDERED THAT:**

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: 9-4-08

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE