**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                **CRIMINAL NO. 3:07-CR-58
(BAILEY)**

**JOHN E. HARGROVE,**
**a.k.a., "sun warrior48",**
**a.k.a., "master_4younger_f_slave"**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 146] dated September 4, 2008, and the defendant's corresponding objections [Doc. 173] filed on September 12, 2008. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed finding and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. As

1

a result, it is the option of the Court that the **Magistrate Judge's Report and Recommendation** [Doc. 146] should be, and is, **ORDERED ADOPTED**.

## BACKGROUND

On May 15, 2008, defendant filed a Motion to Suppress [Doc. 74] moving to suppress statements made by defendant at his home on January 5, 2007 and items allegedly seized from his home on July 23, 2007. (Def.'s M. to Supp. at 1-2). On June 10, 2008, a Suppression Hearing was held before United States Magistrate Judge Joel with regard to defendant's Motion to Suppress [Doc. 74]. Defendant appeared in person and by his counsel; and the Government was represented by Assistant United States Attorney David Perri. After the hearing, the parties briefed the issues, and on September 4, 2008 the Magistrate issued a Report and Recommendation (hereinafter "R&R") [Doc. 146].

In the R&R the Magistrate found that defendant's statement of January 5, 2007, should not be suppressed because it was made during a consensual and voluntary interview. (R&R at 3). Additionally, the Magistrate found that the search on January 5, 2007 was proper and was conducted according to a valid search warrant. (R&R at 2). Finally, the Magistrate found that the defendant gave his computer to the agents voluntarily on July 23, 2007, that it was never opened, and that no evidence was taken from the computer. (R&R at 3).

On September 12, 2008, defendant filed objections to the R&R [Doc. 173]. Defendant argued the Magistrate erred with respect to the following: (1) testimony of Agent Chance; (2) the custodial nature of defendant's interview; (3) the alleged search of the basement and attic; (4) the date and time listed on the warrant; (5) the 'prompt' return of

2

the executed warrant; and (6) errors in the evidence log;.  (*See generally* Def.'s Obj. to R&R).  The Court will now address defendant's objections in turn.

## **DISCUSSION**

### I.     **Cross-Examination of Agent Chase**

Defendant argues that he was not provided sufficient opportunity to cross-examine Agent Chance at the Suppression hearing on June 10, 2008.  (Def.'s Obj. to R&R at 1-2). Specifically, defendant argues that because Agent Chance did not come to the Suppression Hearing with his field notes (in accordance with the subpoena *duces tecum*)[1] the cross-examination of Agent Chance was incomplete.  Defendant's arguments are without merit.  Although the Magistrate had the power to issue the subpoena *duces tecum*, Agent Chance's field notes "do not constitute affirmative evidence" that the interview at defendant's home on January 5, 2007 was custodial and, therefore, his failure to bring them is not controlling.  See **United States v. Neely,** 2002 WL 32302114 *1, *11 (W.D.Va. 2002)(affirming R&R denying defendant's motions to vacate his sentence and for a new trial where defendant contended that certain FBI field notes were never produced and that the notes were exculpatory, finding that no matter what the notes stated they did not constitute affirmative evidence of defendant's claims); *see generally* **United States v. Stone**, 976 F.2d 909 (4th Cir. 1992)(discussing the power of the Court to enforce subpoenas duces tecum).

---

[1] Although not pertinent to this Court's determination, the Court finds that Agent Chance's failure to arrive with his field notes was proper as he did not have the notes. (Chance 35:24-25). The Court also notes that the field notes of Agent Chance were later provided to defendant in accordance with the Government's "open file" policy.

Here, even given the alleged inconsistencies between Agent Chance's notes and his testimony before the magistrate, production of the field notes would not alter this Court's findings with regard to the admissibility of defendant's statement. Any failure to comply with the subpoena, therefore, is irrelevant and defendant's objection is overruled.

**II.     Custodial Nature of Defendant's Interview**

Defendant argues both in his objections [Doc. 173] and his Motion to Suppress [Doc. 74] that his statement on January 5, 2007 was custodial and involuntary because defendant was never given ***Miranda*** warnings.  (Def.'s Obj. to R&R at 10-12; Def.'s M. to Supp. at 2-3).   The Government agrees defendant was never ***"Mirandized,"*** however, the Government contends that defendant was never in custody so the agents need not have ***"Mirandized"*** him.

Defendant alleges that he was in custody because he was not allowed to move around his home during the execution of the warrant and officers were standing at both exits to the kitchen where he was seated.  (Def.'s Obj. to R&R at 10-12).  The Magistrate, however, found that "the interview of the Defendant on January 5, 2007, was consensual and was not custodial in nature."  (R&R at 3).    Specifically, the Magistrate found that the defendant "was told he was not under arrest and that he was free to go at any time during the interview."  (Id.)

In order to determine if a defendant was in custody for purposes of ***Miranda***, the Court must look to the totality of the circumstances.  ***Berkemer v. McCarty***, 468 U.S. 420, 440 (1984).  The crux of such an examination is whether the "suspect's freedom of action

is curtailed to a degree associated with formal arrest." **Berkemer**, 468 U.S. at 440. Additionally, "even a clear statement by an officer that the person being questioned is a suspect does not alone determine custody, but is only one among many factors that bear on the assessment of whether a reasonable person would feel free to depart." **United States v. Howard**, 115 F.3d 1151, 1155 (4th Cir. 1997). Specifically, the Court looks to factors such as: whether agents handcuffed defendant, whether agents drew their weapons in defendant's presence, whether agents told defendant that he was free to leave, and whether the conversations between the defendant and the agents were not threatening in tone. *See* **United States v. Parker**, 262 F.3d 415, 419 (4th Cir 2001) (finding that suspect who was questioned in the bedroom of her home was not in custody for purposes of **Miranda** where she was not forced to enter the room, she was not handcuffed or otherwise restrained, officers did not draw their weapons in her presence, and she was never told that she was *not* free to leave).

The argument made by defendant that he did not feel free to leave is not dispositive. "Custody determinations do not depend on the subjective views of either the interrogating law enforcement officers or the person being questioned, but depend instead [on] the objective circumstances of the interrogation." **Parker**, 262 F.3d at 419 (citing **Stansbury v. California**, 511 U.S. 318, 323 (1994)). "The relevant inquiry is how a reasonable man would have understood the suspect's position at the time." **Parker**, 262 F.3d at 419 (citing **Berkemer**, 468 U.S. at 419).

Given the testimony of Agents Chance and Shumaker, and defendant's own testimony, that defendant was not handcuffed at the time his statements were made

(Chance 24:5; Shumaker 50:10; Hargrove 77:22); that the agents did not draw their weapons in the kitchen (Hargrove 78:21-22); that defendant was told he was not under arrest and that he was free to leave (Chance 23:13-2026:16, 38:17; Shumaker 50:3-9, 51 3-10; Hargrove 78:7-10); and that the conversation that took place between the defendant and the agents was amicable and non-threatening in tone (Chance 24:20-25:16; Shumaker 49:17-21; Hargrove 76:5-6, 77:24), the Court finds that defendant was not in custody at the time of his interview on January 5, 2007 and, therefore, not subject to the protection of ***Miranda*** warnings. See ***United States v. Parker***, 262 F.3d 415, 419 (4th Cir 2001). Defendant's objection is accordingly overruled.

### III.     Alleged Search of Defendant's Basement and Attic on January 5, 2007

Defendant argues in his Objections to the Report and Recommendation that during the search of defendant's home on January 5, 2007 the agents went outside the four corners of the warrant and searched both the basement and attic of defendant's home. (Def.'s Obj. to R&R at 1-3). At the Suppression Hearing, the Government presented testimony that no agents recall a search of the basement of the defendant's home and no agents recall searching the attic of defendant's home. (Chance 27:9-20, Shumaker 48:18-20).

The Fourth Amendment requires that search warrants describe with particularity the place to be searched and the items to be seized. ***Anderson v. Maryland***, 427 U.S. 463, 480 (1976); ***Mapp v. Ohio***, 367 U.S. 643, 655 (1961). A description is 'particular' where the "description is such that the officer with [the] search warrant can, with reasonable effort,

6

ascertain and identify the place intended." ***Steele v. United States***, 267 U.S. 498, 503 (1925). Here, the warrant lists the place to be searched as "343 Park Street, First Floor, Bristol, Connecticut." (Chance 26:21-24). At the hearing several officers testified that to their knowledge neither the basement nor the attic of defendant's residence was searched. (Chance 27:9-39:22; 48:18-49:9). Defendant's arguments that a search of the basement and attic were done are based solely on the disclosure by the Government of a diagram of defendant's home (including the basement) and photographs of the basement.

Even if defendant's allegations as to the existence of these items are true, these are explained by the agent's uncontroverted testimony at the Suppression Hearing. At the hearing, agents Chance and Shumaker testified that upon entering, the agents performed a protective sweep of the residence because the defendant is a convicted felon. (Chance 20:3-14, 27:21-28:11; Shumaker 48:22-49:9). Additionally, agent Shumaker noted that there were photos taken of the residence (Shumaker 48:9). The Court finds, therefore, that the search on January 5, 2007 was proper and, therefore, the evidence seized at that time should not be suppressed. *See* ***Anderson v. Maryland***, 427 U.S. 463, 480 (1976); ***Mapp v. Ohio***, 367 U.S. 643, 655 (1961). Defendant's objection is accordingly overruled.

**IV.     The Date and Time Listed on the Warrant**

Defendant argues in his Objections to the Report and Recommendation that the search of defendant's home on January 5, 2007 was improper because the date on the warrant had been changed and the agents entered at 6 a.m. instead of 7 a.m. (Def.'s Obj. to R&R at 4-8). The Court finds that defendant's arguments are without merit.

At the Suppression Hearing, the Government presented testimony that the judge issuing the warrant altered the face of the warrant before signing it so as to allow the agents 10 days to execute the warrant. (Chance 28:17-25). The Court finds this testimony credible and defendant's objection is accordingly overruled.

Additionally, the face of the warrant states that the warrant can be served any time between 6:00 a.m. and 10:00 p.m., therefore, defendant's objection as to the time is moot.

## V. The Prompt Return of the Executed Warrant

Defendant argues in his Objections to the Report and Recommendation that the search of defendant's home on January 5, 2007 was improper because the return receipt was not promptly signed by the magistrate. (Def.'s Obj. to R&R at 4).

Federal Rule of Criminal Procedure 41(d) governs the return of federal search warrants. Evidence seized pursuant to a valid warrant, however, is not subject to suppression for failure to comply with Rule 41(d) unless a defendant can show actual prejudice. ***United States v. Smith***, 914 F.2d 565, 568 (4th Cir. 1990).

Although, here, there was a significant delay between the time the warrant was executed and the time the magistrate signed the return receipt, the Court finds that defendant has failed to show actual prejudice and, therefore, overrules defendant's objection.

## VI. Errors in the Evidence Log

Finally, defendant argues in his Objections to the Report and Recommendation

that the evidence seized during the search of defendant's home on January 5, 2007 should be suppressed because there are errors in the evidence log. (Def.'s Obj. to R&R at 4-5). Specifically, defendant argues that the log shows that the computer the Government allegedly seized from the defendant on July 23, 2007 has been searched and information from that computer is being used as evidence in this case. (Def.'s Obj. to R&R at 4-5). The Court finds defendant's arguments are without merit.

The Government presented evidence at the hearing that the computer was provided on July 23, 2007, voluntarily by the defendant and that no examination of the computer was done prior to its return to the defendant. (Chance 30:2-34:11). Additionally, the Government presented evidence that the computer 'erroneously' listed on the return receipt is the computer of a victim in this case. (Hack 63:24-25). The Court finds that defendant has failed to show that any evidence was taken from the computer allegedly taken during his arrest on July 23, 2007 and, therefore, overrules defendant's objection.

**CONCLUSION**

For the foregoing reasons and those more fully stated in the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 146], the Court **ORDERS** as follows:

1. That the **Report and Recommendation of the Magistrate Judge** [Doc. 146] is **ADOPTED**;

2. That **Defendant's Motion to Suppress** is [Doc. 74] **DENIED**;

3. That **Defendant's Motion to Suppress [157]** is **TERMINATED** as **MOOT**;

9

4. That **Defendant's Motion for Relief from Judgment** [Doc. 192] is **TERMINATED** as **MOOT**;

5. That **Defendant's Motion for Leave on Defendant's Filed as Supplemental/Amendments** [Doc. 185] is **TERMINATED** as **MOOT.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and mail a copy to the *pro se* defendant.

**DATED:** September 26, 2008

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE