**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                  **CRIMINAL NO. 3:07-CR-58
                                                              (BAILEY)**

**JOHN E. HARGROVE,
a.k.a., "sun warrior48",
a.k.a., "master_4younger_f_slave"**

    Defendant.

**ORDER DENYING MOTIONS TO COMPEL AND
MOTION FOR DISCLOSURE OF EVIDENCE**

This case is presently before the Court on defendant's Motion to Compel Myspace Records [Doc. 372], Motion to Compel the United State Penitentiary of Tuscon to allow Petitioner Materials [Doc. 373], Motion for Disclosure of Evidence [Doc. 374], and Motion to Compel Yahoo, Inc. [Doc. 376]. The Court has reviewed the motions and the relevant law, and finds for the reasons stated below that defendant's motions [Docs. 372, 373, 374, and 376] should be **DENIED**.

**I.    BACKGROUND**

Defendant pleaded not guilty to charges in the Northern District of West Virginia. On October 3, 2008, defendant was found guilty of violating 18 U.S.C. § 1470, 18 U.S.C.

1

§ 2252A(a)(1), (b)(1), and 18 U.S.C. § 2422(b) [Doc. 253]. On December 12, 2008, the Court sentenced defendant to 120 months on Count 1; 240 months on Count 2; and Life on Count 3, all to be served concurrently [Doc. 294].

On June 18, 2009, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (3:09-cv-42 [Doc. 1]). At the time he filed his motion, he still had a direct appeal pending before the Fourth Circuit Court of Appeals. (See 3:09-cv-42 [Doc. 7]). On August 31, 2009, defendant moved to withdraw his petition (3:09-cv-42 [Doc. 10]), and on September 9, 2009, this Court granted the motion (3:09-cv-42 [Doc. 11]). On November 19, 2010, the Fourth Circuit Court of Appeals denied defendant's direct appeal and affirmed this Court's judgment [Doc. 359]. Currently, defendant has no pending case before this Court.

Defendant has filed motions to compel production of documents, and allow him access to documents, to assist him in filing a petition pursuant to 28 U.S.C. § 2255 [Docs. 372, 373, 374, and 375]. This Court will now address the motions.

## II. DISCUSSION

In defendant's Motion to Compel Myspace Records [Doc. 372], he asks this Court to compel Myspace to provide him with records and messages related to certain Myspace accounts. (Id.) He states that the data he is requesting is "imparitive [sic]" to the preparation of a § 2255 petition. (Id.)

In defendant's Motion to Compel the United State Penitentiary of Tuscon to allow Petitioner Materials [Doc. 373], he requests that this Court order the Bureau of Prisons to: hold three hard drives remitted to the defendant after trial; allow the defendant access to those hard dives and another computer as "the Courts as well as other government

2

agencies are now using emails, or CD' as [sic] to hold legal data on"; and permission to possess, as well as access to, all the images maintained on his computers that were determined to be non-pornographic. He states that he needs the materials, and access to the materials "FOR TO PREPARE HIS !* § 2255 PETITION." [Doc. 373].

In defendant's Motion for Disclosure of Evidence [Doc. 374], defendant asks this Court to Order disclosure of evidence allegedly in the possession of Agent Lisa Hack that was presented to the Grand Jury [Doc. 374]. Defendant states he needs the materials as he is "now preparing his 18USC.§2255. [sic]" [Doc. 374].

In defendant's Motion to Compel Yahoo, Inc. [Doc. 375] defendant asks that this Court compel Yahoo, Inc. to provide him with chat records relating to certain accounts. Defendant states that "[t]his information will establish that the respondent was correct in his complaints and motion during pre-trial that the chat logs presented to the Government by Deputy Wesley Frame were in fact altered and thereby tainted evidence. That should have been suppressed." [Doc. 375]. The Court can only assume that defendant is seeking the chat logs in anticipation of filing a § 2255 motion.

Defendant currently has no pending case before this court. His criminal prosecution, including appeal is complete, and he has no pending § 2255 motion. This Court notes that once defendant has filed a § 2255 motion, he may petition the court for discovery under Rule 6 of the Rules Governing Section 2255 Cases in the United States District Courts. See **United States v. Veals**, 2010 WL 1791005 (C.D. Ill. April 30, 2010), **United States v. Curtner**, 2008 WL 905923 *1, *1 (C.D. Ill. April 3, 2008). "Such discovery may be allowed in the discretion of the district court where a petitioner in a § 2255 proceeding has

3

demonstrated good cause for such discovery." *Veals*, 2010 WL 1791005 at *2. Presently, defendant has not shown good cause, nor is there any pending case which grants this Court subject matter jurisdiction to order discovery. Accordingly, the Court finds that defendant's Motions [Docs. 372, 373, 374, and 375] should be, and hereby are, **DENIED**.

It is so **ORDERED**

The Clerk is directed to transmit copies of this Order to all counsel of record herein and mail a copy to the *pro se* defendant.

**DATED:** March 16, 2011

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE