IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Criminal Action No. 3:07cr58
                                              (Judge Bailey)

**JOHN E. HARGROVE**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTIONS

Pending before this Court are Defendant's three *pro se* motions: Motion for Order to Show Cause why the United States Attorney and the Federal Bureau of Investigation Should not be Held in Contempt of Court for Obstruction of Justice for Witholding [sic] Exculpatory Material not Turned Over to the Defense (Dkt.# 478); "Contempt of Court" (Motion to Direct Attorneys to Produce Case File)(Dkt.# 483); and Motion to Produce Copy of Judge's Chambers File (Dkt.# 485).

Before beginning, it might be helpful to review the history of this case. On July 17, 2007, a federal grand jury indicted the Defendant on three counts. (Dkt.# 1). Count One (1) charged the Defendant with Attempted Transfer of Obscenity to a Minor, in violation of Title 18, United States Code, §1470. (Id. at 1). Count Two (2) charged the Defendant with Transportation of Child Pornography in violation of Title 18, United States Code, §2252A(a)(1). (Id. at 2). Count Three (3) charged Defendant with Attempted Enticement of a Minor, in violation of Title 18, United States Code, §2422(b). (Id. at 3).

On December 21, 2007, the Defendant signed a binding, global plea agreement in which he agreed to plead guilty to Count Three (3) of the Indictment, Attempted Enticement of a

1

Minor, in violation Title 18, United States Code, §2422(b). (Dkt.# 48 at 1). The parties agreed that the sentence imposed would be imprisonment for a period of 240 months or twenty (20) years followed by lifetime supervised release. (Id. at 3). Also pursuant to the agreement, the United States agreed to dismiss Counts One (1) and Two (2) of the Indictment at sentencing and the United States Attorney's Offices for the Middle District of Pennsylvania and the District of Connecticut agreed not to prosecute the Defendant in their Districts for crimes related to the instant offense. (Id.). Accordingly, the Defendant entered a plea of guilty to Count Three (3) in open court on January 7, 2008. (Dkt.# 50). Throughout these initial proceedings, the Defendant was represented by Brian Crockett, Esq. (Dkt.# 11) and Brendan Leary, Esq. of the Federal Public Defender's Office (Dkt.# 35).

On April 1, 2008, in lieu of the originally scheduled sentencing hearing, Judge Bailey held a status conference. (Dkt.# 58). During the hearing, Defendant orally moved to withdraw his plea of guilty and have his defense attorney, Brian Crockett, withdraw as counsel. (Dkt.# 58); (Dkt.# 317). Judge Bailey granted the oral motions, set the trial date for May 21, 2008 and ordered the Federal Public Defender's office to appoint new counsel. (Dkt.# 59).[1] On April 9, 2008, the Court appointed Robert Barrat, Esq. to represent Defendant. (Dkt.# 62).

Leading up to the trial date, Defendant frequently wavered as to whether he would like to be represented by counsel or proceed *pro se*.[2] On the morning of the first day of trial on October

---

[1] During the conference, Judge Bailey explained he permitted the Petitioner to withdraw his plea of guilty due to his concern that the plea agreement did not set forth a "sufficient level of punishment" given the gravity of the information contained in the pre-sentence investigation report. (Dkt.# 317 at 4).

[2] Prior to the trial date, Petitioner filed various motions seeking to appoint himself as co-counsel (Dkt.# 60), to act as counsel (Doc. 104) and for self-representation (Dkt.# 109); he also filed a number of *pro se* motions and letters. Petitioner's appointed counsel, Mr. Robert Barrat, filed a Response to Defendant's Pro-Se Motions and agreed to serve as standby counsel and assist Petitioner in preparation for trial. (Dkt.# 118). On August 15, 2008, the Court granted Petitioner's motion for self-representation (Dkt.# 109) with Mr. Barrat serving as standby counsel. (Dkt.# 121).

1, 2008,[3] Defendant announced that he would like to be represented by counsel. (Dkt.# 262). The Court ruled that Mr. Barrat, then serving as stand-by counsel, would serve as counsel throughout the remainder of the trial. (Dkt.# 262 at 4-5).

On October 3, 2008, after a three day trial, the jury returned guilty verdicts on all three counts of the Indictment. (Dkt.# 252). At a sentencing hearing on December 12, 2008, Judge Bailey sentenced the Defendant to a term of 120 months imprisonment to run concurrent with Counts Two (2) and (3), followed by a three year term of supervised release on Count One (1); to a term of 240 months concurrent with Counts One (1) and Three (3), followed by lifetime supervised release on Count Two (2); and to a term of life in prison to run concurrent with Counts One (1) and Two (2), followed by lifetime supervised release on Count 3. (Doc. 294).

On December 15, 2008, Defendant filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), where he was represented by Tracy Weese, Esq. On appeal, Defendant asserted that (1) the District Court should have suppressed statements made to law enforcement because "at the time he made them he was subject to a custodial interrogation and had not been informed of his rights under Miranda," and (2) that "his sentence is substantively unreasonable because the District Court erred by considering that Hargrove exercised his right to a jury trial as a basis for the sentence imposed." United States v. Hargrove, 625 F.3d 170, 172 (4th Cir. 2010). The Fourth Circuit affirmed Defendant's conviction, and held that the court "did not err in denying Hargrove's motion to suppress" and "did not commit plain error during sentencing." Id. at 185. Defendant filed a petition for writ of *certiorari* in the United

---

[3] The Court granted Petitioner's Motion to Continue Trial Date on April 29, 2008 and set the trial date for July 15, 2008. (Dkt.# 69). The Court granted Petitioner's Second Motion to Continue Trial Date on July 2, 2008. (Dkt.# 91). At the July 7, 2008 status hearing, the trial date was set for September 30, 2008. (Doc. 94). The trial date was then reset for October 1, 2008. (Dkt.# 232).

States Supreme Court, which was denied on October 3, 2011. See Hargrove v. United States, 132 S.Ct. 292 (Oct. 3, 2011).

On June 18, 2009, while his direct appeal was still pending, Defendant filed a Motion to Vacate Pursuant to 28 USC §2255 (Dkt.# 322), which was recommended for dismissal as premature on June 23, 2009. (Dkt.# 327). Defendant filed objections, and then moved to withdraw his §2255 petition. By Order entered September 1, 2009, the motion to withdraw was granted. (Dkt.# 345).

On October 5, 2012, Defendant filed a second Motion to Vacate Pursuant to 28 USC §2255, and subsequently, an Amended Motion to Vacate, alleging that:

1. New evidence obtained through a Freedom of Information Act ("FOIA") request tends to show that:

(a) the government presented evidence at trial which was illegally obtained from a Hewlett-Packard Pavilion computer that was seized from Hargrove's residence; and

(b) FBI Agents perjured themselves at a suppression hearing when they testified that the Hewlett-Packard Pavilion computer taken from Hargrove's residence was not searched.

2. Defense Counsel was constitutionally ineffective for the following during trial:

(a) making statements to the defense computer expert, Mr. Gurvinder Bindra, which Hargrove perceived as "disloyal;"

(b) failure to follow the defense strategy which Hargrove had prepared, and which the Court allegedly directed Mr. Barrat to follow;

(c) failure to call particular witnesses which Hargrove believed should have been called;

(d) failure to request Brady materials, and failing to investigate several avenues of defense suggested by Hargrove;

(e) failure to argue that Hargrove made no substantial step toward the actual commission of the offense of Enticing a Minor, as per the instructions on "Attempt;"

(f) failure to challenge defects in the text and execution of the search warrant for Hargrove's residence;

4

(g) failure to raise a search warrant issue as to the fact that no child pornography was recovered from Hargrove's computers; and

(h) failure to object to the application of U.S.S.G. § 2G2.1's sentence enhancement for production of child pornography, which Hargrove alleges had not been established as an element of criminal behavior during the trial.

3. Two illegal searches were conducted during the government's investigation of Hargrove:

(a) the initial search of Hargrove's residence, because FBI Agents did not have a copy of the search warrant on their person when they entered Hargrove's residence, did not leave a copy of the search warrant at the searched premises, and the warrant itself featured the incorrect date for execution; and

(b) the warrantless protective sweep of the building which FBI Agents performed, because it covered communal areas of the house which were used by several tenants, thereby violating their rights.

4. The Assistant U.S. Attorneys involved in the case committed prosecutorial misconduct by presenting evidence at trial which they knew to have been obtained through an unlawful search.

(Dkt.# 416).

By R&R entered on September 18, 2013, the Motion to Vacate was recommended for denial and dismissal, because the totality of Defendant's claims either lacked factual basis or legal merit. (Dkt.# 449). Defendant filed objections. By Order entered November 22, 2013, the R&R was adopted, Defendant's objections were overruled, and his Motion to Vacate was denied and dismissed with prejudice. (Dkt.# 458). Defendant filed a notice of appeal with the Fourth Circuit. (Dkt.# 462). By Order of the Fourth Circuit, the case was remanded for the limited purpose of permitting this court to supplement the record with an Order granting or denying a certificate of appealability. By Order entered by Judge Bailey on December 16, 2013, the certificate of appealability was denied. (Dkt.# 468). The Fourth Circuit denied Defendant's motion to proceed *in forma pauperis* on the appeal (Dkt.# 473), and on March 11, 2014, Defendant's appeal of the Order adopting the R&R and dismissing his Motion to Vacate was

dismissed for failure to prosecute. (Dkt.# 476). Defendant moved to recall the mandate on April 21, 2014, filed an informal opening brief, a motion for a transcript of oral argument at government expense and for a stay of briefing schedule.[4] By Order entered April 22, 2014, the motion to recall the mandate was granted, as was the motion to reopen the case, but the motion to stay the proceedings was denied. On April 28, 2014, Defendant moved for an extension of time to file an informal opening brief. On August 25, 2014, by unpublished *per curiam* opinion, the Fourth Circuit denied Defendant's motions for a transcript of oral argument at the Government's expense, for a scheduling order, and for a stay to file a supplemental brief, and denied a certificate of appealability, and dismissed the appeal.[5] Undeterred, Defendant filed a petition for rehearing and rehearing *en banc* on September 9, 2014; the mandate was stayed the same day.[6]

As he also did before he filed the second Motion to Vacate, during its pendency, Defendant also filed numerous motions, requesting various documents and exhibits (Dkt.# 442, 443, 445 and 448) and requesting subpoenas for Facebook and Yahoo (Dkt.# 447 and 448 respectively). All were denied as moot in the Order Adopting the R&R. Defendant also filed a Motion for Modification of Judgment and Commitment Order for Restitution on October 10, 2013; it was denied by Order entered December 12, 2013. (Dkt.# 460).

On April 21, 2014, Defendant filed his *pro se* Motion for Order to Show Cause why the United States Attorney and the Federal Bureau of Investigation Should not be Held in Contempt of Court for Obstruction of Justice for Witholding [sic] Exculpatory Material not Turned Over to the Defense (Dkt.# 478). On May 27, 2014, he filed his *pro se* "Contempt of Court" (Motion to Direct Attorneys to Produce Case File)(Dkt.# 483); and on June 2, 2014, he filed his *pro se*

---

[4] (4th Cir. Dkt.# 17, 18, and 19)(13-7989).

[5] (4th Cir. Dkt.# 29)(13-7989).

[6] (4th Cir. Dkt.# 31 and 32)(13-7989).

Motion to Produce Copy of Judge's Chambers File (Dkt.# 485). Each motion will be addressed in turn.

Defendant's Motion for Order to Show Cause why the United States Attorney and the Federal Bureau of Investigation Should not be Held in Contempt of Court for Obstruction of Justice for Witholding [sic] Exculpatory Material not Turned Over to the Defense contends that an "alternative perpetrator" committed the offense he is convicted of, and that certain letters, exculpatory to him, that he believed were destroyed, have been in the custody of the FBI since 2010. He states "this is some of the admissions written in the letters[,]" but failed to include mention of them, and did not attach the letters. Accordingly, in addition to the fact that this claim has absolutely no merit, Defendant has provided no grounds on which to evaluate the claim and therefore, it is **DENIED with prejudice**.

Defendant's *pro se* "Contempt of Court" (Motion to Direct Attorneys to Produce Case File)(Dkt.# 483) contends that "this court, in various past orders[,] instructed the lawyers to provide access to the case file." He asserts that he "has been assigned various lawyers . . . both pre- and post- trial, and on appeals [sic]," and despite having "written numerous letters" to them requesting a "list of the entire case file documents so that he may select those . . . he needs to access the courts on newly discovered information" none have responded. He contends that the file belongs to him; he has filed "bar association complaints that are pending" and that he intends to file a "civil suit in June if this matter is not resolved against the lawyers."[7]

Here, despite Defendant's contention to the contrary, the Defendant's criminal docket reflects no past Order directing Defendant's previous lawyers to provide him with copies of

---

[7] On June 9, 2014, the Defendant filed a <u>Bivens</u> action in this court over this same issue, but it was dismissed by Order entered September 10, 2014, for failure to prosecute. See 5:14cv78.

their case files, and, not surprisingly, the Defendant has omitted mention of any specific Order directing that they do so.  Accordingly, this Motion is **DENIED with prejudice.**

Finally, with respect to Defendant's *pro se* Motion to Produce Copy of Judge's Chambers File (Dkt.# 485), the Defendant has no right of access to the court's files.  As the Supreme Court has previously held, "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Communications, 435 U.S. 589, 598 (1978).  Therefore, this Motion is **DENIED with prejudice**.

Accordingly, Defendant's *pro se* Motion for Order to Show Cause why the United States Attorney and the Federal Bureau of Investigation Should not be Held in Contempt of Court for Obstruction of Justice for Witholding [sic] Exculpatory Material not Turned Over to the Defense (Dkt.# 478);  "Contempt of Court" (Motion to Direct Attorneys to Produce Case File)(Dkt.# 483); and Motion to Produce Copy of Judge's Chambers File (Dkt.# 485) are all **DENIED with prejudice,**  because prisoner has not shown any  basis in fact or in law to grant them.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order electronically to all counsel of record herein and to mail a copy to the Defendant via certified mail, return receipt requested, at his last-known address as reflected on the docket.

DATED:  September 15, 2014

/s/    James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE